UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF NEW YORK, et al.,

              Plaintiffs,

      v.

DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,

              Defendants.

Case No. 20 Civ. 2340 (EGS)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Expedited discovery is warranted to permit Plaintiffs to seek permanent relief on the claims alleged in their complaint as quickly as possible, given the risk that mail delays pose to Plaintiffs' interests in protecting the public health, stemming the rate of coronavirus transmission, and effectively administering their election laws for the November 3, 2020 general election.

### BACKGROUND

Plaintiffs (the States of New York, Hawaii, and New Jersey; the City of New York; and the City and County of San Francisco) filed their complaint in this action on August 25, 2020, challenging Defendants' recent policy changes that have injured Plaintiffs by delaying mail delivery. Plaintiffs allege three claims for relief: (1) that the postal policy changes violate 39 U.S.C. § 3661, because Defendants implemented changes with substantially nationwide effects on service without first seeking an advisory opinion from the Postal Regulatory Commission; (2) that the postal policy changes violate 39 U.S.C. §§ 101 and 403, because Defendants have not

1

given the highest consideration to the efficiency of processing and delivering important letter mail, and have not met their obligation to provide ready access to postal services to the entire population; and (3) that the postal policy changes violate the Elections Clause of the Constitution by undermining the State Plaintiffs' ability to regulate congressional elections.  *See* Complaint ¶¶ 189-206 (ECF No. 1).

On September 2, 2020, Plaintiffs filed a motion for a preliminary injunction as to their first claim for relief.  ECF No. 12.  Defendants opposed that motion on September 11, *see* ECF No. 30, and Plaintiffs' reply is due September 16.  Plaintiffs believe their motion for a preliminary injunction can be granted solely on the basis of the arguments contained in their memorandum in support of that motion, as well as the accompanying declarations and exhibits.

Plaintiffs have not to date sought relief as to their second and third claims in this action, and anticipate seeking permanent injunctive relief on all three claims following an opportunity for the narrow expedited discovery proposed in this motion.  Should the Court conclude that an evidentiary hearing is warranted—prior to the issuance of a preliminary or permanent injunction—Plaintiffs propose that the hearing take place following the completion of any expedited discovery that the Court authorizes.

## ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).  This authority includes discretion to permit Plaintiffs to take expedited discovery.  Fed. R. Civ. P. 26(d)(1); *see Strike 3 Holdings, LLC v. Doe*, 326 F.R.D. 35, 37 (D.D.C. 2018).  And more generally, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 136 S. Ct.

1885, 1892 (2016); *see also* 28 U.S.C. § 1657(a) (district courts "shall expedite" any action "if good cause therefor is shown").

This Court evaluates motions for expedited discovery under a reasonableness, or good-cause, standard. *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015). This standard turns on consideration of five non-exhaustive factors that serve as guidelines for the exercise of the Court's discretion, including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97-98 (D.D.C. 2014)).

The good-cause standard is met here. First, Plaintiffs have filed a motion for preliminary injunction, arguing that they are suffering significant irreparable injury caused by Defendants' *ultra vires* changes to postal service. ECF No. 12.

Second, Plaintiffs' discovery requests are narrow, and are carefully targeted only at discovering those facts necessary to establish their claims for relief and rebut Defendants' anticipated defenses.[1] Plaintiffs propose to serve four deposition notices: a Rule 30(b)(6) notice (Ex. 1), and notices to U.S. Postal Service employees Robert Cintron (Ex. 2), Angela Curtis (Ex. 3), and Robert Justin Glass (Ex. 4). The Rule 30(b)(6) notice seeks testimony regarding the

---

[1] The parties have agreed that Plaintiffs in this action may rely on discovery provided by Defendants in two other actions that challenge the same or similar Postal Service policy changes (and where expedited discovery has been authorized by the district courts hearing those matters): *Pennsylvania v. DeJoy*, No. 20-cv-4096 (E.D. Pa.), and *Washington v. Trump*, No. 20-cv-3127 (E.D. Wash.). Plaintiffs therefore only seek discovery in this action to the extent not already produced in the *Pennsylvania* or *Washington* actions; and the narrow discovery requests appended to this motion are intended to be non-duplicative of the discovery already served in those actions.

3

U.S. Postal Service's policies and procedures as they relate to the service changes challenged in this action, and regarding the unspecified initiatives Postmaster General DeJoy announced would be suspended until after the general election. Ex. 1. Based on sworn testimony Mr. Cintron provided in a written declaration in this action (ECF No. 30-1), Plaintiffs expect Mr. Cintron to have discoverable information regarding the Postal Service's decision to change delivery and transportation schedules in July 2020, including changes to the "late trip" policy and "extra trip" policy. Based on sworn testimony Ms. Curtis also provided in this action (ECF No. 30-1), Plaintiffs expect her to have discoverable information regarding the Postal Service's policies for ensuring the on-time delivery of mail, including the maintenance of delivery and transportation schedules. Based on sworn testimony Mr. Glass provided in this action (ECF No. 30-2), Plaintiffs expect him to have discoverable information regarding the Postal Service's policies for handling Election Mail, which includes ballots, voter registration forms, ballot applications, polling place notifications, and related materials. Plaintiffs believe these depositions would each require less than a full day.

Plaintiffs also propose to serve limited interrogatories (Ex. 5), requests for production of documents (Ex. 6), and requests for admission (Ex. 7). These requests are likewise targeted at identifying evidence regarding and documents that reflect the challenged service changes, particularly in light of Defendants' representations in their opposition to Plaintiffs' motion for a preliminary injunction that these service changes are not in fact "changes" at all. Defs.' Opp. at 33-37 (ECF No. 30). Plaintiffs' proposed requests for admission also seek admissions regarding the authenticity of certain U.S. Postal Service documents and related records.

Third, the purpose for requesting expedited discovery also supports granting Plaintiffs' motion. Plaintiffs' complaint alleges that the Postal Service's policy changes have delayed mail

4

delivery with serious and immediate impacts on public health and the administration of state and local government programs; and that future mail delays will irreparably injure their ability to administer the general election in compliance with state and local law.  Compl. ¶¶ 86-188 (ECF No. 1).  At least one district court has already found that given the imminence of the election, this factor weighs in favor of authorizing expedited discovery.  *See* Order Granting Plaintiffs' Motion for Expedited Discovery at 3, *Washington v. Trump*, No. 20-cv-3127, ECF No. 38 (E.D. Wash. Aug. 27, 2020) (citing "the extraordinary public interest that is [at] stake," and noting that the action "will need to be heard on an expedited bases, given that the U.S. elections are less than ten weeks away").

Fourth, the burden on Defendants to comply with these requests is minimal.  Plaintiffs are not proposing broad discovery requests, but have instead tailored their requests narrowly to the relief Plaintiffs are seeking.  These requests have also been circumscribed to avoid duplication after careful review of the discovery permitted in other actions, and have been coordinated with the discovery requests being sought by the *Vote Forward* plaintiffs in related litigation also before this Court.  Given "the vast resources of Defendants," *id.*, these requests are not unduly burdensome.

With regard to the fifth factor, although Plaintiffs are seeking discovery at an early stage of the case, this consideration is outweighed by the presence of other factors—particularly where Defendants have already been ordered by two other district courts to produce discovery regarding the same underlying conduct on an expedited basis.  *Garnett v. Zeilinger*, No. 17-cv-1757 (CRC), 2020 WL 8944640, at *3 (D.D.C. Dec. 15, 2017) ("[W]hile the fifth factor—the timing of the request relative to the status of the case—weighs against granting Plaintiffs'

request, the Court concludes that for the limited discovery the Court intends to allow this factor is outweighed by the others.").

In order to complete this limited discovery and then hold a timely evidentiary hearing, should one be necessary, Plaintiffs propose the following schedule (in coordination with the plaintiffs in the related *Vote Forward* litigation):

- *September 18, 2020*: Defendants serve their written objections to Plaintiffs' written discovery requests.

- *September 21, 2020*: Defendants produce documents and serve answers to Plaintiffs' interrogatories and requests for admission.

- *September 28, 2020 – October 1, 2020*: Plaintiffs take proposed depositions.

- *October 2, 2020*: The parties submit pre-hearing filings (exhibit and witness lists).

- *Week of October 5, 2020 (at the Court's convenience)*: Evidentiary hearing.

Plaintiffs further propose that the parties use the time between Defendants' production of discovery responses and depositions to confer regarding the completeness of Defendants' responses and, if necessary, seek guidance from the Court to resolve any disputes.

## CONCLUSION

Plaintiffs respectfully request that the Court grant their motion for leave to take expedited discovery and order Defendants to respond to the attached discovery requests.


DATED: September 14, 2020

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Morenike Fajana, *Special Counsel*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Lindsay McKenzie, *Assistant Attorney General*

Laura Mirman-Heslin, *Assistant Attorney General*
Daniela L. Nogueira, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

Joshua Tallent, *Assistant Attorney General*
Office of the New York State Attorney General
The Capitol
Albany, NY 12224

*Attorneys for the Plaintiffs*